IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

```
MIDATLANTIC   INTERNATIONAL
INC.,

    Plaintiff

v.

AGC FLAT GLASS NORTH AMERICA,           CIVIL NO. 2:12cv169
INC.,

    Defendant / Third-Party Plaintiff,

v.

MIDATLANTIC MINERALS, INC.,

    Third-Party Defendant.
```

FILED
MAY 20 2013
CLERK, US DISTRICT COURT
NORFOLK, VA

## OPINION AND ORDER

This matter comes before the Court upon AGC Flat Glass North America, Inc.'s ("Defendant") Motion to Transfer Case for <u>Forum Non-Conveniens</u>, ECF No. 37, and Plaintiff's Motion to Commence Discovery, ECF No. 56. For the reasons set forth herein, the Court **DENIES** Defendant's Motion to Transfer, ECF No. 37, and **GRANTS** Plaintiff's Motion to Commence Discovery, ECF No. 56.

### I. FACTUAL AND PROCEDURAL HISTORY

MidAtlantic International, Inc. ("Plaintiff") is a Barbadian corporation with its principal place of business in St. Michael, Barbados. Compl. ¶ 1, ECF No. 1. Defendant is a Delaware corporation with its principal place of business in Alpharetta, Georgia. Compl. ¶ 2, ECF No. 1. Defendant is a manufacturer of glass products. Compl. ¶ 5, ECF No. 1. Plaintiff has been a

1

supplier of dolomite, a raw material used in manufacturing flat glass, to Defendant since 1997. Compl. ¶ 5, ECF No. 1. According to Plaintiff, all of the dolomite supplied to Defendant has been mined from the same quarry in Spain. Compl. ¶ 6, ECF No. 1. At Defendant's request, Plaintiff would purchase dolomite in 8,000 to 10,000 ton quantities, import the dolomite from Spain into the United States, and store the dolomite in a warehouse near the Port of Norfolk. Compl. ¶ 7, ECF No. 1. Defendant would then arrange for rail transport of the dolomite from the warehouse to its factories. Compl. ¶ 8, ECF No. 1. Plaintiff states that Defendant was invoiced and paid for the dolomite as each rail shipment occured. Compl. ¶ 8, ECF No. 1.

On January 14, 2008, the parties entered into a contract under which Plaintiff agreed to supply Defendant with Spanish dolomite from 2008 to 2010. Compl. ¶ 9, ECF No. 1. According to Plaintiff, this agreement was later extended beyond 2010. Compl. ¶ 10, ECF No. 1. The agreement included a term which provided that if Defendant stopped buying material "for whatever reason," Defendant would pay Plaintiff "for any dolomite remaining in storage at the warehouse in Norfolk, VA," payment to be made within 30 days from the date of invoice. Compl. ¶ 11, ECF No. 1. Each of the monthly purchase orders issued by Defendant to Plaintiff contained a similar provision. Compl. ¶ 11, ECF No. 1.

In June 2011, Plaintiff purchased 8,267.38 short tons of dolomite, transported it to Norfolk, Virginia, and stored it in a warehouse, along with approximately 500 short tons of dolomite still on hand from prior purchases. Compl. ¶ 12, ECF No. 1. As was its custom, Plaintiff furnished Defendant with a Certificate of Analysis for the June 2011 dolomite shipment. Compl. ¶ 13, ECF No. 1. According to Plaintiff, Defendant neither raised concerns about the results nor requested further testing of the June 2011 shipment. Compl. ¶ 13, ECF No. 1. From June to September 2011, Defendant purchased and used approximately 1,800 short tons of from

2

the June 2011 dolomite shipment. Compl. ¶ 16, ECF No. 1. In December 2010, Defendant notified Plaintiff that there was Spinel in the dolomite that exceeded specifications. Compl. ¶ 17, ECF No. 1. Defendant has since refused to order any additional shipments of dolomite from Plaintiff and has, according to Plaintiff, refused to pay for the 4,766.313 tons of dolomite remaining in the warehouse near the Port of Norfolk. Compl. ¶ 17, ECF No. 1.

On March 30, 2012, Plaintiff filed a Complaint against Defendant alleging breach of contract and seeking damages in the amount of $796,988.58. Compl. ¶ 37, ECF No. 1. On January 22, 2013, Defendant filed the instant Motion to Transfer Case for Forum Non-Conveniens. ECF No. 37; see also Def.'s Memo in Supp. of Mot. to Transfer, ECF No. 38. Plaintiff filed a Memorandum in Opposition to that Motion on February 5, 2013. Pl.'s Mem. in Opp. to Mot. to Transfer, ECF No. 42. Defendant filed a Rebuttal Brief on February 14, 2013. ECF No. 45. On March 19, 2013, the Court held a hearing concerning Defendant's Motion to Transfer Case for Forum Non-Conveniens. ECF No. 37.

## II. DEFENDANT'S MOTION TO TRANSFER

### A. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." The decision to transfer venue is committed to the sound discretion of the district court. See One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp., 312 F.Supp.2d 824, 828 (E.D. Va. 2004) (citing Verosol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 591 (E.D. Va. 1992)).

In considering whether to allow transfer, a court must determine whether: (1) the claims could have been brought in the transferee forum; and (2) the interests of justice, as well as convenience of the parties and witnesses, support the transfer. Koh v. Microtek Int'l, Inc., 250 F.

3

Supp. 2d 627, 630 (E.D. Va. 2003).

B. DISCUSSION

1. The Cause of Action Could Have Been Brought in the Transferee Forums

With respect to the first prong of the inquiry, a corporation is subject to personal jurisdiction in a district where it has its principal place of business, where it has certain "minimum contacts," or where the litigation results from injuries which arise out of, or relate to, the corporation's activities in the district. See, e.g., Koh, 250 F. Supp. 2d at 631; NanoEnTek, Inc. v. Bio–Rad Labs., 2:11cv427, 2011 WL 6023189, at *4–5 (E.D. Va. Dec. 2, 2011). If personal jurisdiction is proper for a corporate defendant, then venue is also proper: "[U]nder § 1400(b) [and] § 1391(c), the tests for venue and personal jurisdiction are interchangeable for corporations." LG Elecs. Inc. v. Advance Creative Computer Corp., 131 F. Supp. 2d 804, 810 (E.D. Va. 2001) (citing Bicicletas Windsor, S.A. v. Bicycle Corp. of America, 783 F. Supp. 781, 786 n. 4 (S.D.N.Y. 1992)); see 28 U.S.C. § 1391(c) ("[A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."); 28 U.S.C. § 1400(b) (stating venue is proper where the defendant resides).

Defendant's Motion requests that the Court transfer the case to either: (1) the United States District Court for the Eastern District of Tennessee( "EDTN"); or (2) the United States District Court for the Western District of Virginia ("WDVA"). Defendant states, and Plaintiff fails to contest, that personal jurisdiction and venue are proper in those districts because Plaintiff: (1) "has a manufacturing facility in the Eastern District of Tennessee and therefore 'resides" there and is subject to personal jurisdiction in that forum"; and (2) "has a fabrication facility in the Western District of Virginia, does business in the district, and is subject to personal jurisdiction in that forum." Def.'s Mem. in Opp. to Mot. to Transfer 5, ECF No. 38. The Court

finds, based on the aforementioned uncontested minimum contacts, that this action could have been brought in either EDTN or WDVA.

### 2. Defendant Fails to Show That The Circumstances Strongly Favor Transfer

With that threshold inquiry met, the Court turns to the question whether transfer is warranted. In addressing that question, the Court considers: (1) the plaintiff's choice of forum; (2) the convenience of parties; (3) the convenience of witnesses; and (4) the interest of justice. See Heinz, 750 F. Supp. 2d at 667 (citing JTH Tax, Inc. v. Lee, 482 F. Supp. 2d 731, 736 (E.D. Va. 2007). The party seeking transfer bears the burden of demonstrating that "the circumstances of the case are strongly in favor of transfer." Id.

After balancing those four factors, the Court finds that Defendant has not carried its burden. The Court, therefore, **DENIES** Defendant's Motion to Transfer Case for Forum Non-Conveniens. ECF No. 37.

#### a. Plaintiff's Choice of Forum

A plaintiff's choice of forum is "typically entitled to 'substantial weight,' especially where the chosen forum is the plaintiff's home forum or bears a substantial relation to the cause of action." Id. (citing Koh, 250 F. Supp. 2d at 633). Defendant, however, argues that Plaintiff's choice of forum is entitled to no weight because the Eastern District of Virginia "is not MidAtlantic's home forum and bears little relation to this dispute." Def.'s Rebuttal Br. 2, ECF No. 45.

The Court disagrees with Defendant and finds that the Eastern District of Virginia bears a substantial relation to this cause of action. The Court so finds because: (1) the dolomite at issued arrived in the United States at the Port of Norfolk; (2) the certificate of analysis of the dolomite's composition was provided to the customs broker, Nelson International, Inc., in Norfolk;

(3) thousands of short tons of the dolomite were stored at the Elizabeth River Terminals in Chesapeake, Virginia prior to their transfer to the Defendant; (4) the legal risk of loss passed to Defendant when the dolomite was loaded into railcars in the Eastern District of Virginia which were destined for delivery to ACG's manufacturing facility in Kinsport, Tennessee; and (5) since Defendant's alleged breach, a large quantity of the dolomite at issue remains stored at the Elizabeth River Terminals in Chesapeake, Virginia. See Def.'s Mem. in Supp. of Mot. to Transfer 2, ECF No. 38 (stating that MidAtlantic rented space in a Norfolk, Virginia warehouse to store the dolomite until employees loaded it into railcars desited for AGC's manufacturing facility); Def.'s Mem. in Supp. of Mot. to Transfer 7, ECF No. 38 ("MidAtlantic's only basis for filing suit in this district [Eastern District of Virginia] is that legal risk of loss passed to AGC when the Dolomite was loaded into railcars for delivery to AGC's facility in Kingsport, Tennessee."); Pl.'s Mem. in Opp. to Mot. to Transfer 7, ECF No. 42 (setting forth uncontested connections between this cause of action and the Eastern District of Virginia).

Because this cause of action bears a substantial relation to the Eastern District of Virginia, Plaintiff's choice of forum is entitled to substantial weight. This factor, therefore, weighs heavily against Defendant's Motion to Transfer. ECF No. 37.

    b.    <u>Convenience of the Parties and Witnesses</u>

At the March 19, 2013 hearing on Defendant's Motion to Transfer, the Court asked both parties to file lists of potential witnesses so that it might fairly assess the convenience of the parties and witnesses. Unfortunately, the parties responded by filing what the Court suspects to be unnecessarily cumulative lists in an effort to influence the Court's decision on the instant Motion to Transfer. Holding constant for any such manipulation, the Court finds that convenience of the parties and witnesses weighs neither for nor against transfer.

One day prior to the Court's March 19, 2013 hearing on Defendant's Motion to Transfer,

Plaintiff served upon Defendant a document entitled "MidAtlantic International Inc.'s Rule 26(a)(1) Initial Disclosure."[1] That document lists eight persons with discoverable information, six of whom reside in the Eastern District of Virginia and two who reside elsewhere. Since the March 19 hearing, Plaintiff has filed two supplemental lists. The first, which was filed with the Court on April 1, 2013, made two modifications and adds nine names to the list of persons with discoverable information, four of whom reside in the Eastern District of Virginia and five who reside elsewhere. The second, which was filed with the Court on April 18, 2013, merely provides declarations for previously-identified persons with discoverable information.

In assessing convenience of the parties and witnesses, the Court will disregard the first and second supplements filed by the Plaintiff. It seems that Plaintiff's original Rule 26(a)(1) disclosure, served on Defendant one day prior to the hearing, is the truest representation of Plaintiff's potential witnesses in this matter. Moreover, based on the descriptions provided, the testimony of the eight persons set forth in that original list does not appear unduly cumulative. Of those eight persons, six reside in the Eastern District of Virginia. The other two reside overseas, and it would be no more convenient for them to travel to the Eastern District of Virginia than either of the other two forums identified in Defendant's Motion.

As for the convenience of the Defendant and Defendant's witnesses, the Defendant did not furnish the Plaintiff with a Rule 26(a)(1) disclosure prior to the March 19 hearing.[2] Thus, the

---

[1] To assist in its consideration of the instant Motion, on May 14, 2013 the Court requested that the parties provide the Court with any prior Rule 26(a)(1) disclosures. Plaintiff replied that day and provided the Court with an initial disclosure and two supplemental disclosures. Plaintiff's original Rule 26(a)(1) disclosure was never filed with the Court, but remains on file with the Court. The first and second supplemental disclosures were, however, filed with the Court under the title of "Witness List." See Pl.'s Witness List, ECF No. 52; Pl.'s Supp. Witness List, ECF No. 55.

[2] There has not been a Rule 26(f) conference in this matter. See Fed. R. Civ. P. 26(f). Therefore, as of the March 19 hearing, the parties were not yet obligated to serve their Rule 26(a)(1) disclosures. See Fed. R. Civ. P. 26(a)(1)(C) (setting forth time for initial disclosures). At the March 19 hearing, the Court directed both parties to furnish a list of potential witnesses within 11-days. Defendant complied with the Court's directive and filed its potential witness list on March 28, 2013. Def.'s Initial Discl. of Witnesses and Test Results, ECF No. 51.

Court must rely on the post-hearing list filed by Defendant on March 28, 2013. That list identifies 17 persons with discoverable information, 16 of whom reside in Tennessee and one who resides elsewhere. However, based on the descriptions provided, it is clear to the Court that much of the testimony those 17 persons would provide is cumulative. For instance, nine of the persons identified would testify to their knowledge of test results and quality problems. Two others—Dennis Ervin and Bruce A. Flaherty—would testify to overall knowledge of quality problems, Spanish dolomite test results, disposition of the dolomite, and decisions regarding the same. See generally AGC's Witness List, ECF No. 51-4.

Holding constant for these and other instances of cumulative testimony, the Court finds that approximately eight persons would be called by Defendant AGC to testify at trial, seven of whom reside in Tennessee and one who resides in Georgia. Of those seven in Tennessee, four are currently employed by Defendant, as is the witness residing in Georgia. This Court has previously explained that "[t]he convenience of party witnesses plays a reduced role in the court's analysis." NanoEntek, Inc., 2011 WL 6023189, at *5 (citing USA Labs., 2009 U.S. Dist. LEXIS 37797, at *4, 2009 WL 1227867 ("Courts have repeatedly emphasized that in considering whether to transfer a case under 28 U.S.C. § 1404(a), the inconvenience to party witnesses is not afforded the same weight as the inconvenience to non-party witnesses.")). Thus, of those eight AGC witnesses who might testify at trial, five are to be afforded reduced weight in the Court's transfer analysis because they are currently employed by Defendant.

Taking all this into consideration, the Court finds that the convenience of parties and witnesses weighs neither for nor against transfer. Regardless of which forum is chosen, one or the other parties, and approximately the same number of witnesses, will be inconvenienced.

    c.    Interest of Justice

Finally, pursuant to 28 U.S.C. § 1404, the Court must consider whether the interest of

justice supports transfer. See 28 U.S.C. § 1404(a). This "interest of justice" analysis requires the Court to consider "circumstances such as 'the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment.'" Agilent Technologies, Inc. v. Micromuse, Inc., 316 F. Supp. 2d 322, 329 (E.D. Va. 2004) (citing Bd. of Trustees v. Baylor Heating and Air Conditioning, 702 F. Supp. 1253, 1260 (E.D. Va. 1988)).

Defendant argues that the interest of justice weighs in favor of transfer because this action "has virtually no connection to" the Eastern District of Virginia. See Def.'s Memo in Supp. of Mot. to Transfer 14, ECF No. 38. But, as set forth in Part II(A) of this Opinion and Order, the Court has already found that the Eastern District of Virginia bears a substantial relation to this cause of action. The Court, therefore, rejects Defendant's argument and finds that the interest of justice weighs neither for nor against transfer.

### C. CONCLUSION

After balancing the four aforementioned factors, the Court finds that Defendant has not carried its burden. The Plaintiff's choice of forum weighs decidedly against transfer. But, convenience of the parties and witnesses, as well as the interest of justice, weighs neither in favor of nor against transfer. Thus, the Court **FINDS** that the balance weighs against transfer and **DENIES** Defendant's Motion to Transfer Case for Forum Non-Conveniens. ECF No. 37.

### III. PLAINTIFF'S MOTION TO COMMENCE DISCOVERY

On May 10, 2013, Plaintiff filed a Motion to Commence Discovery, ECF No. 56, which states that Defendant has refused to commence discovery while Defendant's Motion to Transfer is pending. As a result, the parties have not yet held a Rule 26(f) discovery planning conference.

By this Opinion and Order, the Court **DENIES** Defendant's Motion to Transfer. ECF

No. 37. To that end, there is no justification for further delay in the discovery process. The Court, therefore, **GRANTS** Plaintiff's Motion to Commence Discovery and **ORDERS** the parties, in accordance with Rule 26(f), to promptly confer and develop a discovery plan on or before Friday, May 24, 2013 at 4:00 P.M. Eastern Standard Time. The Court further **ORDERS** that, in accordance with Rule 26(f)(2), the parties shall present their discovery plan to the Court on or before Friday, June 7, 2013 at 4:00 P.M. Eastern Standard Time.

## IV. CONCLUSION

For the reasons set forth herein, the Court **DENIES** Defendant's Motion to Transfer, ECF No. 37, and **GRANTS** Plaintiff's Motion to Commence Discovery, ECF No. 56. The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
May 20, 2013